1  Michael E. Brewer (SBN 177912)
   michael.brewer@bakermckenzie.com
2  Janice W. Lin (SBN 349794)
   janice.lin@bakermckenzie.com
3  **Baker & McKenzie LLP**
   Two Embarcadero Center, 11th Floor
4  San Francisco, CA  94111-3802
   Telephone: (415) 576-3000
5  Facsimile: (415) 576-3099

6  Lily S. Duong (SBN 322274)
   lily.duong@bakermckenzie.com
7  **Baker & McKenzie LLP**
   10250 Constellation Boulevard Suite 1850
8  Los Angeles, California  90067
   Telephone: (310) 201-4728
9  Facsimile: (310) 201-4721

10 Attorneys for Defendant
   EQUIPMENTSHARE.COM INC
11

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DION COCROFT, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIPMENTSHARE.COM INC; and DOES 1 to 50, inclusive<br><br>Defendants. | Case No. **'24CV0645 BAS AHG**<br><br>(Removed from San Diego County Superior Court, Case No. 37-2024-00009472-CU-OE-CTL)<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332(D)(2) (CAFA)** |

DEFENDANT'S NOTICE OF REMOVAL

# TABLE OF CONTENTS

Page

I. TIMELINESS OF REMOVAL ................................................................... 5

II. SUMMARY OF PLAINTIFF'S ALLEGATIONS AND GROUNDS FOR REMOVAL .......................................................................................... 5

    A. The Putative Class Consists Of More Than 100 Members ................ 8

    B. The Amount Placed in Controversy Exceeds $5 Million. ................. 8

        1. First, Fourth and Fifth Causes of Action: Unlawful Business Practices, Including Meal Period and Rest Period Damages .......... 9

        2. Second and Third Causes of Action: Minimum and Overtime Wage Penalties. ............................................................ 11

        3. Sixth Cause of Action: Unpaid Business Expense Reimbursements ............................................................................ 12

        4. Seventh Cause of Action: Inaccurate Wage Statement Penalties. ...................................................................................... 13

        5. Eighth Cause of Action: Untimely Wage Payments at Separation. .................................................................................... 13

        6. Attorneys' Fees. ........................................................................... 14

    C. Minimal Diversity Exists Because The Putative Class Includes California Citizens and EquipmentShare is a Missouri corporation. ...... 15

III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER ............ 16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Broadway Grill, Inc. v. Visa Inc.*,
　856 F.3d 1274 (9th Cir. 2017) .................................................................................. 16

*Dart Cherokee Basin Operating Co. v. Owens*,
　135 S. Ct. 547 (2014) ................................................................................................ 8

*Galt G/S v. JSS Scandinavia*,
　142 F.3d 1150 (9th Cir. 1998) .................................................................................. 14

*Garza v. Brinderson Constructors, Inc.*,
　178 F. Supp. 3d 906 (N.D. Cal. 2016) ...................................................................... 10

*Ibarra v. Manheim Invs., Inc.*,
　775 F.3d 1193 (9th Cir. 2015) .................................................................................. 15

*Kroske v. U.S. Bank Corp.*,
　432 F.3d 976 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006) ......................... 14

*Lewis v. Verizon Commc'ns, Inc.*,
　627 F.3d 395 (9th Cir. 2010) ............................................................................... 9, 15

*Lo v. Oxnard Euro. Motors, LLC*,
　2012 U.S. Dist. LEXIS 73983 (S.D. Cal. May 29, 2012) ........................................ 15

*Murphy Bros., Inc. v. Michetti Pip Stringing, Inc.*,
　526 U.S. 344 (1999) ................................................................................................... 5

*Olson v. Becton, Dickinson, & Co.*,
　No. 19cv865-MMA (BGS), 2019 U.S. Dist. LEXIS 165789 (S.D. Cal.
　Sep. 25, 2019) .......................................................................................................... 10

*Paul, Johnson, Alston & Hunt v. Graulty*,
　886 F.2d 268 (9th Cir. 1989) .................................................................................... 15

*Serrano v. 180 Connect, Inc.*,
　478 F.3d 1018 (9th Cir. 2007) .................................................................................. 16

**Statutes**

28 U.S.C. § 84(c) ................................................................................................... 17

28 U.S.C. §§ 1332(d)(1)(B), (d)(2)(A), (d)(2), (d)(4)(A),
   (d)(5)(B), (d)(6), and (d)(8) ............................................................. 6, 7, 8, 16, 17

28 U.S.C. §§ 1441, 1446, 1453 ................................................................... 5, 16, 17

28 U.S.C. § 1446(a)(b)(d) ................................................................................ 5, 17

Cal. Bus. Code §§ 17200, *et seq.* ..................................................................... 9, 10

Cal. Code of Civil Procedure § 382 .......................................................................... 6

Cal. Labor Code §§ 200, 201, 202, 203, 204, 210, 218.5, 221, 226, 226(e), 226.7,
   246, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802 and (ii) ........................ passim

Class Action Fairness Act of 2005 ............................................................................ 5

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and Fed. R. Civ. P. 81(c), Defendant EquipmentShare.com Inc ("EquipmentShare" or "Defendant") hereby removes to the United States District Court for the Southern District of California the above-captioned state court action, originally filed as Case No. 37-2024-00009472-CU-OE-CTL in the Superior Court of the State of California for the County of San Diego. As set forth below, removal is proper based on the Class Action Fairness Act of 2005 ("CAFA").

## I.  TIMELINESS OF REMOVAL

1. On February 29, 2024, Plaintiff Kevin Dion Cocroft, on behalf of himself, and on behalf of all persons similarly situated ("Cocroft" or "Plaintiff") filed a class action complaint against EquipmentShare in the Superior Court of California, County of San Diego, Case No. 37-2024-00009472-CU-OE-CTL. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Docket Sheet, Summons, Class Action Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, Alternative Dispute Resolution (ADR) Information, and Proof of Service of Summons are attached as Exhibits A to H to the Declaration of Lily Duong ("Duong Decl.") filed concurrently herewith.

2. Plaintiff served EquipmentShare with the Summons and Complaint on March 6, 2024. [*See* Duong Decl. at ¶¶ 3–4, Ex. B, C.] This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pip Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day deadline to remove commences upon service of the summons and complaint).

## II.  SUMMARY OF PLAINTIFF'S ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against

EquipmentShare pursuant to the CAFA, 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. at ¶ 12.

5. Plaintiff alleges in the Complaint that he "brings this Class Action on behalf of himself and a California class, defined as all persons who are or previously were employed by Defendant EQUIPMENTSHARE.COM, INC. and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four years prior to the filing of this Complaint and ending on the date as determined by the Court the ("CLASS PERIOD")." [Compl. at ¶ 4.]

6. Plaintiff's Complaint alleges violations of (i) California Labor Code ("Labor Code") §§ 200, 201, 202, 203, 204, 210, 221, 226, 226.7, 246, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802 and (ii) California's Unfair Competition Law ("UCL"), based on alleged failure to pay for all hours worked. [*See generally* Compl.]

7. Plaintiff seeks an order certifying all of Plaintiff's Causes of Action as a class action pursuant to Cal. Code of Civ. Proc. § 382; "[a]n order temporarily, preliminarily and permanently enjoining and restraining DEFENDANTS from engaging in similar unlawful conduct as set forth herein;" "[a]n order requiring DEFENDANTS to pay all overtime wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS;" "[r]estitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS;" "[c]ompensatory damages, according to proof at trial, including compensatory damages for overtime compensation due to PLAINTIFF and the other members of

the CALIFORNIA CLASS, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;" "[m]eal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order; "[t]he greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;" "[t]he wages of all terminated employees from the CALIFORNIA CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203; "[t]he amount of the expenses PLAINTIFF and each member of the CALIFORNIA CLASS incurred in the course of their job duties, plus interest, and costs of suit"; "[a]n award of interest, including prejudgment interest at the legal rate;" "[s]uch other and further relief as the Court deems just and equitable; and" "an award of penalties, attorneys' fees, and costs of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code § 218.5, § 226, and/or § 1194." [Compl. at Prayer for Relief.]

8.  Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs, but including attorneys' fees; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

9.  EquipmentShare denies any liability as to any of the claims of the putative class members. EquipmentShare expressly reserves all of its rights, including, but not limited to, its right to file motions challenging the pleadings and any other dispositive motions. For purposes of meeting the jurisdictional requirements for removal only, however, EquipmentShare submits that this action satisfies all requirements for federal jurisdiction under CAFA. Specifically, as set forth below,

the allegations in the Complaint identify a putative class of over 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

### A. The Putative Class Consists Of More Than 100 Members.

10. Plaintiff's putative class encompasses "all persons who are or previously were employed by Defendant EQUIPMENTSHARE.COM INC. and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four years prior to the filing of this Complaint and ending on the date as determined by the Court." [Compl. at ¶ 4.] EquipmentShare has a good-faith basis to believe, and on that basis avers, that during the period of February 29, 2020 to the present, there are at least 246 non-exempt employees who were employed by EquipmentShare in California. [*See* Declaration of Leslie Adams Elrod ("Elrod Decl.") at ¶ 3.][1] While EquipmentShare denies that class treatment is permissible or appropriate, based on the Complaint allegations, the proposed class consists of more than 100 members.

### B. The Amount Placed in Controversy Exceeds $5 Million.

11. Although EquipmentShare denies that Plaintiff's claims have any merit and disputes that Plaintiff is entitled to any of the sums sought in the Complaint, EquipmentShare avers, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiff's requested monetary recovery exceeds $5 million. For jurisdictional purposes only, EquipmentShare has established that the amount in controversy is at least **$6,076,167** for Plaintiff's unfair business practices, minimum wage, overtime wage, waiting time penalties, and wage statement claims. Using a 25% benchmark for potential attorneys' fees, results in an estimate of at least

---

[1] The Notice of Removal "need not contain evidentiary submissions," and EquipmentShare reserves its right to submit additional evidentiary support in the event that Plaintiff moves for remand. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014).

**$1,519,041.75** in attorneys' fees.  The combined total of these two numbers puts at least **$7,595,208.75** in controversy, which places the amount in controversy above the $5 million jurisdictional amount per CAFA.

12.  Plaintiff's allegations—if accepted—would place over $5 million in controversy, exclusive of interest and costs.  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint.").  As demonstrated below, the $5 million threshold is easily met by considering Plaintiff's claims and damages theories.

### 1. First, Fourth and Fifth Causes of Action: Unlawful Business Practices, Including Meal Period and Rest Period Damages

13.  Plaintiff asserts "DEFENDANTS' practices were deceptive and fraudulent in that DEFENDANTS' uniform policy and practice failed to provide the legally mandated meal and rest periods and the required amount of compensation for missed meal and rest periods, failed to pay minimum and overtime wages owed, and failed to reimburse all necessary business expenses incurred, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq*." [Compl. at ¶ 68.]  Plaintiff demands "one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work." [Compl. at ¶ 71.]  Additionally, Plaintiff also demands "one (1) hour of pay for each workday in which a rest period was not timely provided as required by law." [Compl. at ¶ 72.]

14.  EquipmentShare denies that it maintained deceptive and fraudulent practices, denies that it failed to provide the legally mandated meal and rest periods and the required amount of compensation for missed meal and rest periods, denies that it failed to pay minimum and overtime wages owed, and denies that it failed to reimburse all necessary business expenses incurred in violation of Cal. Bus. Code §§

DEFENDANT'S NOTICE OF REMOVAL

17200, *et seq*. Nevertheless, the total damages sought by Plaintiff under Cal. Bus. Code §§ 17200, *et seq*. puts approximately **$3.1 million** at issue.[2] This amount is based on a conservative estimate of one non-compliant meal period and one non-compliant rest period per week. *See Olson v. Becton, Dickinson, & Co.*, No. 19cv865-MMA (BGS), 2019 U.S. Dist. LEXIS 165789, at *13 (S.D. Cal. Sep. 25, 2019) (confirming that an application of a 25% violation rate for meal period and rest period violations was reasonable based on decisions by other district courts within the Ninth Circuit); *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 912 (N.D. Cal. 2016) (determining that a once-per-week violation rate was reasonable where the complaint alleged that the defendant "regularly and consistently" provided non-compliant meal periods). Given that Plaintiff alleges a "uniform policy and practice" of failing to "provide the legally mandated meal and rest periods and the required amount of compensation for missed meal and rest periods[,]" a conservative violation rate of one non-compliant meal period and one non-compliant rest period per week is consistent with authority in the Ninth Circuit. [Compl. at ¶ 68.]

15. Business expense reimbursements, although mentioned by Plaintiff, are not included in the Cal. Bus. Code §§ 17200, *et seq*. damages calculation because EquipmentShare has identified no business expense reimbursements due to current or former employees within the relevant class period. EquipmentShare denies that it failed to fully reimburse Plaintiff or any putative class member for all necessary

---

[2] The calculation: There are 52 weeks in a year. However, given that EquipmentShare provides six paid holidays and additional paid time off to its employees, EquipmentShare will estimate that each employee takes around two weeks off per year, which results in only 50 weeks that employees are actually working. [Declaration of Michael E. Brewer ("Brewer Decl.") at ¶ 7; Elrod Decl. at ¶ 4.] EquipmentShare also assumes a conservative estimate of one non-compliant meal period and one non-compliant rest period per week given that Plaintiff alleges a "uniform policy and practice" of failing to "provide the legally mandated meal and rest periods and the required amount of compensation for missed meal and rest periods." [Compl. at ¶ 68; Brewer Decl. at ¶ 8.] Therefore, 50 weeks x 2 violations per week=100 violations per year. [Brewer Decl. at ¶ 9.] Additionally, the average hourly wage rate during the relevant class period was $31.87 per hour. [Elrod Decl. at ¶ 7.] Therefore, 4 years (statute of limitations) x 100 violations per year (including meal and rest period violations) days x $31.87 x 246 non-exempt employees= $3,136,008. [Brewer Decl. at ¶ 11.] This is a conservative amount and does not consider Plaintiff's alleged second meal period violation, which, if incorporated, would yield an even higher amount in controversy. [*Id*. at ¶ 12.]

business expenses incurred as a direct consequence and requirement of performing their job duties. All California-based non-exempt employees were issued company phones and had access to company iPads to perform job duties. [Elrod Decl. at ¶ 8.] None of the California-based non-exempt employees were required to use their personal phones or home Internet to perform their job duties. [Elrod Decl. at ¶ 8.]

### 2. Second and Third Causes of Action: Minimum and Overtime Wage Penalties.

16. Plaintiff asserts that EquipmentShare failed "to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members." [Compl. at ¶ 79.] More specifically, Plaintiff alleges that EquipmentShare "maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA CLASS without regard to the correct amount of time they work." [Compl. at ¶ 83.] Plaintiff brings a claim for failure to timely pay Plaintiff and putative class members "for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek." [Compl. at ¶ 93.] Plaintiff claims statutory penalties against EquipmentShare in a sum as provided by the California Labor Code. [Compl. at ¶ 107.] Plaintiff requests "recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANTS." [Compl. at ¶ 91.]

17. EquipmentShare denies that it maintained a uniform wage practice which resulted in failing to pay Plaintiff or any putative class member the correct time worked. EquipmentShare also denies that it failed to timely pay Plaintiff or any putative class member any wages due, or that it failed to timely pay Plaintiff or any putative class member for all hours worked during their employment. In short, EquipmentShare denies that it violated Labor Code §§ 201, 204, 510, 1194, 1197 or 1198 in any manner whatsoever.

18. Nevertheless—to meet the jurisdictional requirements for removal *only*—

Plaintiff's alleged damages puts more than **$1.8 million** at issue.[3] The $1.8 million merely accounts for the overtime wages owed and does not account for the other purported unpaid wages that Plaintiff claims, which would only increase the amount in controversy.

### 3. <u>Sixth Cause of Action: Unpaid Business Expense Reimbursements.</u>

19. Plaintiff also brings a claim against EquipmentShare for failing "to reimburse PLAINTIFF and the CALIFORNIA CLASS members for expenses which included, but were not limited to, their personal cell phones and home internet as a result of and in furtherance of their job duties, including but not limited to receiving and/or responding to work-related communications and performing work-related duties" in violation of Labor Code § 2802. [Compl. at ¶ 118.] Plaintiff "demands reimbursement for expenditures or losses incurred by them and the CALIFORNIA CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802." [Compl. at ¶ 119.]

20. EquipmentShare denies that it failed to fully reimburse Plaintiff or any putative class member for all necessary expenditures incurred as a direct consequence and requirement of performing their job duties. EquipmentShare further denies that it has violated Labor Code § 2802 in any manner. Non-exempt employees in California were issued company phones and had access to company iPads to perform

---

[3] The calculation: 3 years (statute of limitations) x 50 working weeks per year x 1 hour of unpaid overtime per working week = <u>150 hours of unpaid overtime per non-exempt California employee</u>. [Brewer Decl. at ¶ 20.] EquipmentShare assumes a conservative estimate of only one violation per week given that Plaintiff alleges a "uniform policy and practice" relating EquipmentShare's alleged practice of failing to pay for all time worked. [*Id.* at ¶ 20; Compl. at ¶ 83.] Additionally, the average hourly wage rate for non-exempt California employees in the last three years (statute of limitations) is $32.39. Overtime wage rate is 1.5 times the hourly wage rate. Therefore, $32.39 x 1.5 = <u>$48.59 per overtime hour worked</u>. 150 hours of overtime x $48.59 overtime hourly rate x 246 putative class members= <u>$1,792,971</u>. [Brewer Decl. at ¶ 20.] In addition to the $1.8 million, EquipmentShare would also be liable for paying any additional unlawfully withheld wages. [Brewer Decl. at ¶ 21.] While these damages are not included, these monetary damages would only increase the amount in controversy.

job duties. [Elrod Decl. at ¶ 8.] Accordingly, EquipmentShare does not provide an amount in controversy for this claim, but if it did, this would only increase the amount in controversy.

### 4. Seventh Cause of Action: Inaccurate Wage Statement Penalties.

21. Plaintiff also asserts that EquipmentShare "failed to provide PLAINTIFF and other CALIFORNIA CLASS Members with complete and accurate wage statements," in violation of Labor Code § 226 *et seq*. [Compl. at ¶ 122.] Labor Code § 226(e) provides for a penalty of fifty dollars ($50) per employee per initial violation and one hundred dollars ($100) per employee for each subsequent violation, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee.

22. EquipmentShare denies that it failed to provide Plaintiff or any putative class member accurate wage statements and that it violated Labor Code § 226 in any manner whatsoever. Nevertheless, applying Labor Code § 226(e)'s penalties to Plaintiff's claims—for the purposes of meeting the jurisdictional requirements for removal *only*—puts approximately **$525,300** at issue.[4]

### 5. Eighth Cause of Action: Untimely Wage Payments at Separation.

23. Plaintiff brings a claim for failure to timely pay Plaintiff and putative class members for all hours worked upon discharge or resignation under Labor Code § 203. Plaintiff further alleges that EquipmentShare is liable to the formerly-employed

---

[4] The calculation: 1 year (statute of limitations) x 26 bi-weekly pay periods per year x 1 violation per pay period = 26 violations per non-exempt California employee. [Brewer Decl. at ¶ 20.] In the Complaint, Plaintiff alleges that his wage statement claim is derivative of his meal and rest period claims, along with his claim for not being paid for all hours worked. [Compl. at ¶ 122.] In addition, Plaintiff also alleges that EquipmentShare's wage statements failed to comply with the requirements in Cal. Lab. Code § 226. [*Id.* at ¶ 123.] Accordingly, given Plaintiff's allegations that EquipmentShare's wage statements did not comply with the requirements of Cal. Lab. Code § 226, and Plaintiff does not limit the violation of wage statements, EquipmentShare conservatively estimates one violation per pay period. [Brewer Decl. at ¶ 23.] [(1 initial violation x $50) + (25 subsequent violations x $100) = $2,550 in penalties per non-exempt California employee. 206 non-exempt California current and former employees within the last year x $2,550 = $525,300. [*Id.* at ¶ 23; Elrod Decl. at ¶ 3.]

putative class members for "thirty (30) days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law." [Compl. at ¶132.]

24. EquipmentShare denies that it failed to timely pay Plaintiff or any putative class member for all hours worked upon their discharge or resignation. EquipmentShare further denies that it has violated Labor Code § 203 in any manner. But applying Plaintiff's claims and proposed class—for the purposes of meeting the jurisdictional requirements for removal *only*—puts at least **$621,888**[5] at issue.

### 6. Attorneys' Fees.

25. Plaintiff also seeks "attorneys' fees, and costs of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code § 218.5, § 226, and/or § 1194." [Compl. at Prayer for Relief.] Claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be considered to determine jurisdictional amounts). The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent." (citation omitted)); *Lo v. Oxnard Euro. Motors, LLC*, 2012 U.S. Dist. LEXIS 73983, *8-9 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees

---

[5] The calculation: 80 non-exempt employees who have been terminated in California within the 3-year statute of limitations period x $32.39 (the average hourly wage rate within the last three years given the applicable statute of limitations for a Labor Code § 203 claim) x 8 hours (assuming a full 8-hour day) x 30 days = $621,888. [Brewer Decl. at ¶ 26; Elrod Decl. at ¶ 7.] $32.39 was the average hourly rate for all non-exempt California positions within the last three years. [Elrod Decl. at ¶ 7.] Additionally, the hourly rate for non-exempt California employees steadily increased throughout the proposed class period. [*Id.*] Therefore, applying the higher hourly wage rates would increase the amount in controversy.

awards a twenty-five percent of the common fund recovery.").

26. EquipmentShare denies that any such attorneys' fees are owed to Plaintiff or the putative class and reserves the right to contest the application of the 25% benchmark. But, for this jurisdictional analysis *only*, EquipmentShare relies on Plaintiff's allegations that attorneys' fees are owed. Applying the 25% benchmark to the allegations in the Complaint, Plaintiff's request for attorneys' fees places approximately **$7.6 million** in controversy [6], in addition to the other damages and penalties. Nothing in Plaintiff's Complaint suggests that he is seeking less than 25% of the amount in controversy.

27. For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee*, 135 S. Ct. at 554) ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions."); *Lewis*, 627 F.3d at 401 (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)) ("[O]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (emphasis added).

C. **Minimal Diversity Exists Because The Putative Class Includes California Citizens and EquipmentShare is a Missouri corporation.**

28. The minimum diversity of citizenship criterion under CAFA is met if the plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C.§ 1332(d)(2)(A).

---

[6] For jurisdictional purposes only, EquipmentShare has established that the amount in controversy is at least $6,076,167 for Plaintiff's meal and rest period and unfair business practice damages, minimum wage, overtime wage, waiting time penalties, and wage statement claims. [Brewer Decl. at ¶ 29.] Using a 25% benchmark for potential attorneys' fees, results in an estimate of at least $1,519,041.75 in attorneys' fees. [*Id.*] The combined total of these two numbers puts at least $7,595,208.75 in controversy. [*Id.* at ¶ 30–31.]

29. Plaintiff seeks to represent a class of "all persons who are or previously were employed by Defendant EQUIPMENTSHARE.COM, INC. and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four years prior to the filing of this Complaint and ending on the date as determined by the Court the ("CLASS PERIOD")." [Compl. at ¶ 4.] EquipmentShare operates within California, but is a Missouri corporation. [*See* Elrod Decl. at ¶ 9.]

30. "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017). Plaintiff's residence in California [*see* Compl. at ¶ 2; Elrod Decl. at ¶ 10] and EquipmentShare's Missouri headquarters [Elrod Decl. at ¶ 9] satisfy CAFA's minimal diversity requirement.

31. Because EquipmentShare, from whom significant relief is sought by members of the plaintiff class, is not a citizen of California, where this action was originally filed, the local controversy exception to CAFA does not apply to Plaintiff's action. *See* 28 U.S.C. § 1332(d)(4)(A).

32. Because EquipmentShare has met its "initial burden of establishing federal jurisdiction under § 1332(d)(2)," the action is removable. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

**III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

33. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

  (a) this is a civil action that is a class action within the meaning of § 1332(d)(1)(B);

  (b) this action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B);

  (c) the amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

  (d) a member of the putative class is a citizen of a state different from EquipmentShare as required by § 1332(d)(2)(A).

34. Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

35. The United States District Court for the Southern District of California, is the appropriate venue for removal pursuant to 28 U.S.C. §1441(a) because it embraces the place where Plaintiff originally filed the case, in the Superior Court of San Diego County. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

36. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant are attached as Exhibits A–H to the Declaration of Lily Duong filed concurrently herewith.

37. Upon filing the Notice of Removal, EquipmentShare will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of San Diego County, pursuant to 28 U.S.C. § 1446(d).

38. WHEREFORE, EquipmentShare hereby removes to the Court the above action pending against it in the Superior Court of California, San Diego County.

Dated:  April 4, 2024         **Baker & McKenzie LLP**

                  By: _/s/ Michael E. Brewer_
                     Michael E. Brewer
                     Lily S. Duong
                     Janice W. Lin
                     Attorneys for Defendant
                     EQUIPMENTSHARE.COM INC

DEFENDANT'S NOTICE OF REMOVAL