UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DION COCROFT, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIPMENTSHARE.COM INC.,<br><br>Defendant. | Case No.:  3:24-cv-00645-BAS-AHG<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 9]** |

Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently set for May 6, 2024. ECF No 6.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 5 at 6 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties seek a continuance ENE for two reasons. First, the parties represent to the Court that Plaintiff intends to file a motion to remand. ECF No. 9 at 2. The parties contend that continuing the ENE to a date 60 pays following the hearing on the yet-to-be-filed motion would "allow time for the Court to decide Plaintiff's motion to remand and for the parties to avoid potentially unnecessary litigation costs." *Id*. at 2–3. Second, the parties argue that any settlement negotiations would "require a review and analysis of class members' time and payroll records[; c]ompiling and analyzing this data will take approximately 3-6 months," and therefore seek to continue the ENE until after the damages analysis has been conducted. *Id*. at 2.

Upon due consideration, the Court does not find good cause for a continuance. Therefore, the Court **DENIES** the parties' joint motion.[1] ECF No. 9. The Court finds that an "informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case," (ECF No. 5 at 2), would

---

[1] As such, the ENE and CMC set for May 6, 2024, as well as all pre-conference deadlines, remain on calendar. The Court is cognizant, however, that the parties' Confidential ENE Statements (ECF No. 5 at 2–3) and Participant Lists (*Id*. at 5) are due on April 30, 2024. In light of the instant order being filed on the same date, the Court permits the parties to lodge their Confidential ENE Statements and Participant Lists via email to efile_goddard@casd.uscourts.gov no later than May 1, 2024.

be beneficial to the parties at this time. The Court also is unpersuaded that an impending motion to remand would provide good cause for a continuance, and notes that it routinely holds ENEs and settlement conferences with motions pending. The Court intends to use the ENE in this case to identify: (1) when settlement discussions will be most fruitful; (2) whether the parties are interested in private mediation; and (3) what information needs to be exchanged through informal discovery, or obtained through formal discovery, to have an effective settlement discussion.

**IT IS SO ORDERED.**

Dated:  April 30, 2024

Honorable Allison H. Goddard
United States Magistrate Judge